UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORCHID TERRACE, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ANA J. BURGOS, et al., <br><br> Defendants. | Case No. 5:17-cv-05276-HRL <br><br> **ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE** <br><br> **ORDER TERMINATING AS MOOT IFP APPLICATIONS** <br><br> **REPORT AND RECOMMENDATION RE REMAND** <br><br> Re: Dkt. Nos. 2, 3 |

Defendants Ana Burgos and Julia Hidalgo removed this unlawful detainer action from the Santa Clara County Superior Court. They also seek leave to proceed in forma pauperis (IFP). For the reasons stated below, the undersigned terminates as moot the IFP applications, and recommends that this matter be remanded to the state court for lack of federal subject matter jurisdiction.

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5

(9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Defendants' IFP applications are incomplete in that they do not identify the amount of monthly income they receive. But, in any event, this court will terminate the applications as moot because there is no federal subject matter jurisdiction over this matter.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendants fail to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. Here, plaintiff's complaint presents a claim arising only under state law. It does not allege any federal claims whatsoever. Defendants say that the unlawful detainer complaint is based on a defective notice to quit. However, allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction.

Although defendants do not assert diversity jurisdiction, the undersigned finds that there is no basis for it in any event. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332. As California defendants, Burgos and

2

Hidalgo cannot remove this case on the basis of diversity. See 28 U.S.C. § 1441(b)(2) (stating that an action may not be removed on the basis of diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); see also Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal."). In any event, the complaint indicates that the amount demanded does not exceed $10,000. (Dkt. 1 at 7). And, unlawful detainer actions involve the right to possession alone, not title to the property. So, the fact that the subject property may be worth more than $75,000 is irrelevant. MOAB Investment Group, LLC v. Moreno, No. C14-0092 EMC, 2014 WL 523092 at *1 (N.D. Cal., Feb. 6, 2014); Maxwell Real Estate Investment LLC v. Bracho, No. C12-02774 RMW, 2012 WL 2906762 at *1 (N.D. Cal., July 13, 2012).

Based on the foregoing, the removal of this case was improper. Defendants are advised that future attempts to remove this matter may result in sanctions.

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Santa Clara County Superior Court. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. Fed. R. Civ. P. 72.

Dated: September 13, 2017

HOWARD R. LLOYD
United States Magistrate Judge

5:17-cv-05276-HRL Notice has been electronically mailed to:

Kirkman Jan Hoffman     kirk@kirkhoffman.com

5:17-cv-05276-HRL Notice sent by U.S. Mail on 9/13/2017 to:

Ana Burgos
1336 Davis Street
San Jose, CA 95126

Julia Hidalgo
1336 Davis Street
San Jose, CA 95126